## Bichel *against* Rank.

In the appropriation, by the court of common pleas, of money made by the sale of real estate, the party in interest is entitled to an issue to try the facts; and it is error to refuse it, when the question is one of fact, depending chiefly on parol evidence.

APPEAL from the decree of the court of common pleas of *Dauphin* county appropriating the proceeds of the sale of the real estate of David Rank.

During the trial and argument of this case in the court below, J. A. Fisher and M'Clure, counsel for some of the creditors of David Rank, asked the court to direct an issue to try the facts involved in the case, which the court refused on the ground that the necessity for it did not appear. This was the only point argued in this court.

*Fisher*, for appellant.
*Foster*, contra.

Per Curiam.—In clothing the courts with chancery powers for the adjustment of liens and distribution of money, the legislature meant not to infringe on the suitor's constitutional right of trial by jury; and, accordingly, we find its mandate to direct an issue, where facts are in contest, is peremptory. The question to be determined, here, was exclusively a question of fact—whether the judgments in contest were collusive—which depended almost entirely on parol evidence; and the court was obviously bound to send the parties before a jury.

Decree reversed, and record remitted with directions to award an issue with precedence on the trial list.