# Reigart's Appeal.

In the case of the proceeds of a sheriff's sale of land, brought into court for appropriation, any creditor, having a claim upon the fund, who alleges there are facts in dispute, has a right to an issue and trial by jury, of which the court cannot deprive him.

APPEAL from the decree of the Common Pleas of *York* county, in the appropriation of the proceeds of a sheriff's sale of the real estate of Henry Y. Slaymaker. The facts appeared to be that the money being in court for appropriation on the 5th December 1843, a commissioner was appointed to make the distribution. On the 8th January 1844, his report was presented to the court, and confirmed *nisi*. On the 5th February 1844, exceptions were filed to the report. On the 21st March, two days after the argument had been heard on the exception to the report, and while the case was under advisement, a third application for an issue was presented to the court, which reads as follows: — " In the matter of the distribution of proceeds of the sale of the real estate of H. Y. Slaymaker, sold by the sheriff of York county and now in court. R. J. Fisher, attorney for Adam Reigart, a judgment creditor of the said H. Y. Slaymaker, by judgment to August term 1842, No. 250, in the Common Pleas of York county, and by his judgment to August term 1842, No. 251, also in Common Pleas of York county against the said H. Y. Slaymaker; these judgments being entitled to a preference over the judgments of the York Bank, as the said Adam Reigart alleges, asks the court to direct an issue to try his right to the said money in court, because as he alleges that the judgments of the said York Bank *v.* the said H. Y. Slaymaker to November term 1841, No. 130, to January term 1841, No. 99, to April term 1842, No. 492, ought not to be paid, because the said judgments were given by the said H. Y. Slaymaker in contemplation of bankruptcy, and for the purpose of giving the said York Bank a preference over the general

creditors of the said H. Y. Slaymaker; and because before the confession of the said judgments to the York Bank the said H. Y. Slaymaker had committed acts of bankruptcy under the Act of the Congress of the United States of the 19th August 1841, establishing a uniform system of bankruptcy; and that the said H. Y. Slaymaker afterwards, to wit, on the 9th December 1842, in the District Court of the United States for the Eastern District of Pennsylvania, did file his petition asking to be declared a bankrupt, and did on the 29th day of April 1843, by a decree of the said court, receive his discharge as a bankrupt, &c. from his debts, &c."

Per Curiam. — This application, made more than two months after the filing of the report, nearly three months after the first sitting of the commissioner, and more than half a year after the fund, amounting to nearly $30,000, had lain dead in court, unsupported as it is by even a *naked allegation* of a single fact that could affect the validity of the judgments in favour of the bank, is surely entitled to no special indulgence. If it contained even an *assertion* of the facts it *assumes*, that would be something, but still it would not be sufficient; for this court long since decided that it would not grant an issue by which money would be kept in *mortmain* on the mere allegation of extraneous facts, unsupported by either affidavit or proof. Were we to adopt a different rule of practice, the time would soon come when it would be better for creditors that their money should remain in the hands of their debtors than that through the expensive process of law it should find its way into the hands of the court. But it is said the Act of Assembly is imperative, and that whenever a fact connected with the distribution of money is in dispute, the court is bound to direct an issue to try it, on the application of any person interested. It is so; and admitting the party applying to be interested, the only question is, whether there is a material fact in dispute? If the Legislature meant that by a *person interested* coming into court and saying in writing, I ask an issue to try the validity of a judgment of A. B. against the defendant, which is fraudulent, the validity of the judgment should be deemed a fact in dispute, the sooner the law is repealed or modified the better. But it meant no such thing. According to the spirit of the law, there must be either an affidavit or some proof at least of fraud to justify a court in granting an issue to try a question of fraud. This I assert in vindication of the law, and not because it is material to the question under consideration, as in the present case there is not even an allegation of fraud contained in the application filed; nor is it pretended that as much as a syllable on the subject of fraud, either real or constructive, was ever uttered by any one before the commissioner.

In conclusion, I will remark, that the silence of the applicants until the last moment, on the subject of fraud, and their omission

[Reigart's Appeal.]

to make affidavit of their belief of the facts they have assumed, when admonished by the court of its necessity, furnish to my mind strong evidence that the applications are without foundation in truth, and that no purpose of justice could be answered by granting them, had we the power to do it.

*Fisher,* for appellant, cited *Pam. Law* 1826–7, page 471; 5 *Watts* 140; 6 *Watts* 133.

*Campbell* and *Mayer,* contra, cited 3 *Rawle* 350; 2 *Watts & Serg.* 564; 7 *Watts* 64; 8 *Watts* 313; 1 *Miles* 353.

The opinion of the Court was delivered by

ROGERS, J.—In *Bishell* v. *Rank,* (5 *Watts* 140), it is held, that in the appropriation by the Court of Common Pleas of money made by the sale of real estate, the party in interest is entitled to an issue to try the facts, and that it is error to refuse it. The mandate to try an issue, when facts are in contest, is peremptory, as the suitor's constitutional right of trial by jury cannot be infringed. And in *Trimble's Appeal,* (6 *Watts* 133), where an inquiry respecting the proceeds of a sheriff's sale, brought into court for appropriation, involved matter of fact, it was ruled that the party is entitled to an issue to try these facts, although the application was not made until all the evidence has been heard and the case argued. The cases cited, and particularly the latter, is decisive of the present. The application of Mr Reigart was made after the case was argued, but before it was decided. It is founded on two grounds that the judgments were given in contemplation of bankruptcy, and for the purpose of giving the York Bank a preference over the general creditors; and again, because before the confession of the judgment Slaymaker had committed acts of bankruptcy. Both propositions involve the investigation of facts, which the appellant had a right to submit to the decision of a jury; and of this constitutional right the court cannot deprive him.

Decree reversed, with direction to award an issue.