## Rohrer's Appeal.    Pavitt's Estate.

1. Pavitt confessed judgments May 1st 1867; June 12th, other creditors petitioned to have him declared a bankrupt; August 8th, a jury of the United States Court found that the judgments were in fraud of the bankrupt law, and he was adjudged a bankrupt. July 12th, an auditor of the Common Pleas awarded the money made on executions under the judgments to the plaintiffs in them. The assignee in bankruptcy (before the report of the auditor was confirmed absolutely, but after the time allowed by the rules of court to file exceptions and ask an issue) asked leave to file exceptions, and that the court would direct an issue to try whether the judgments were not fraudulent. The applications were refused. *Held* to be error.

2. It was the duty of the court to allow the assignee a hearing, and to award the issues.

3. The rights of the assignee ran back to the time the judgments were confessed, and he had the right to ask the state courts to allow him to come in, at any time before the final decree, to claim against creditors who are postponed by operation of law, and to have a trial of the facts.

4. Pavitt's property having been sold under the executions, before the proceedings in bankruptcy commenced, was rightfully converted and brought into the state court for distribution.

5. The assignee could not follow the *property*, but must, in the state court, lay his claim as rightful owner of the fund.

6. It was not necessary that the judgments should have been opened: the Act of Congress operates directly on the rights of creditors making void their preference and letting in the assignee on the fund.

7. The assignee does not claim on an adverse title, but through the bankrupt under the Act of Congress.

8. The assignee was a party aggrieved, and had a right to appeal.

October 28th and 29th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Appeal from the decree of the Court of Common Pleas of *Armstrong county* : No. 69, to October and November Term 1869.

In the distribution of the proceeds of sheriff's sale of the estate of H. C. Pavitt.

On the 1st day of May 1867 several judgments were obtained in the Court of Common Pleas of Armstrong county against H. C. Pavitt by confession, one of which was in favor of Reigel & Fiester for $518.36, on which, on the same day, an execution was issued. Executions were issued May 2d on the other judgments. The property of the defendant was sold on the 10th of May. On the 3d of June the proceeds of sale, $943.35, were paid into court, and on the 5th L. S. Cantwell, Esq., was appointed auditor to make distribution.

On the 12th of July the petition of Levick & Co. and others, creditors of Pavitt, was presented to the District Court of the United States for the Western District of Pennsylvania, sitting in bankruptcy, setting forth that they were creditors of Pavitt; that he had confessed the judgments as above stated; that the judgments were all fraudulent in law as having been confessed by Pavitt in contemplation of insolvency, with intent to give a pre-

[Rohrer's Appeal.]

ference to Reigel & Fiester, &c., and that Reigel & Fiester and the other judgment-creditors had good reason to· know the insolvency of Pavitt, and procured the judgments to obtain a preference; that Pavitt's property had been sold by the sheriff of Armstrong county under executions on the above judgments, and the proceeds of sale were in the sheriff's hands. They prayed that Pavitt might be declared a bankrupt, and that the sheriff be ordered to withhold the appropriation of the money in his hands until the further order of the District Court.

On the 12th of July the auditor of the Court of Common Pleas reported distributing the fund in payment in full of the judgment of Reigel & Fiester, and the balance .pro rata amongst the other judgment-creditors of the 1st of May. The report was "on objections of creditors in bankruptcy held over."

The facts set forth in the petition to declare Pavitt a bankrupt, were denied by Reigel & Fiester and other creditors; and Pavitt demanded an issue. On the trial of the issue, August 8th 1867, the petitioning creditors, Reigel & Fiester and Pavitt, being represented, the facts set out in the issue were found to be true, and Pavitt was adjudged a bankrupt. J. W. Rohrer was appointed assignee in bankruptcy. On the 18th of September Reigel & Fiester appeared before the register in bankruptcy, and asked to be allowed their claim under their judgment and execution. The register decided that the verdict of the jury had determined that Reigel & Fiester's judgment was in fraud of the bankrupt laws, and could not be allowed. His decision was approved by the district judge, September 24th 1867. On the 22d of October the injunction, which it appeared had been issued to the sheriff to withhold the appropriation of the money in his hands, was dissolved.

On the 24th of October, on the application of Reigel & Fiester to the Court of Common Pleas, a rule was granted to show cause why the report of the auditor should not be confirmed. On the same day Rohrer presented a petition to the Court of Common Pleas, setting out the facts, and praying that the fund in court be paid to him for distribution amongst the creditors in bankruptcy. On this petition a rule to show cause was granted. Same day Rohrer presented an exception to the report of the auditor, "that the judgments to which the funds are appropriated are unjust and invalid." The court allowed this to be filed, "subject to all exceptions against filing the same." On the 19th of January 1869 Rohrer presented a petition to the Court of Common Pleas, setting forth the facts of obtaining the judgments against Pavitt, the adjudication that he was a bankrupt, the proceedings before the auditor, &c., and averring that the auditor had no right to proceed after the proceedings in bankruptcy, demanded "an issue of law, and that the report of said auditor be set aside and an-

[Rohrer's Appeal.]

nulled, and the proceeds aforesaid awarded to your petitioner, as by his petition filed 24th October 1867, your petitioner prays, &c." He further represented that certain facts material to the distribution are in dispute.

1 and 2. Whether the judgments of Reigel & Fiester and others, confessed May 1st 1867, were not fraudulent and collusive, without consideration, and intended to defraud creditors.

3 and 4. Whether Pavitt was not then a bankrupt, and the judgments confessed in contemplation of bankruptcy, and to obtain preferences over other creditors. He asked for an issue to try these facts.

On the 22d of January 1869 the issue was refused. On the 17th of March the report of the auditor was confirmed.

Two of the rules of Court of Common Pleas of Armstrong county are :—

" 74. In all cases where the proceeds 'of any judicial sale shall be brought into court for distribution, and the claims upon the fund shall be referred to an auditor for adjustment, notice of the time and place of hearing shall be given by the auditor by advertisement for four successive weeks in at least two newspapers in the county. And in this notice all persons shall be required to make their claims before such auditor, or be debarred from coming in upon said fund."

" 75. In cases referred to an auditor, it shall be the duty of any person desiring an issue to be formed under the 87th section of the Act. of Assembly relating to executions, passed 16th June 1836, to reduce his request to writing, particularly stating therein any fact which he disputes, and to present the same to the auditor within four days after the hearing by the auditor has been concluded ; and it shall be the duty of the auditor to make a report to the court of the presentation of such written request to him ; annexing said paper to his report."

Rohrer appealed to the Supreme Court, and assigned for error that the court erred in—

1. Confirming the auditor's report.

2. Refusing to open the judgments of May 1st 1867.

3. Refusing to award the fund in court to the assignee.

4. Refusing to direct the issue asked by the petition of January 19th 1869.

*E. S. Golden* (with whom was *J. B. Neale*), for appellant.— The United States bankrupt laws are exclusive, and state laws on the same subject are inoperative : Peterson *v.* Speer, 5 Casey 479 ; Commonwealth *v.* O'Hara, 6 Am. Law Reg. 765 ; In re Glaser, 1 Bankrupt Reg. 73 ; Bump on Bankruptcy 18, 88. The judgments of the District Court were conclusive : Doe *v.* Oliver, 2 Smith's L. C. 668 (*418), and notes seq. ; Outram *v.* Morewood,

[Rohrer's Appeal.]

3 East 346, 347; Stevens v. Hughes, 7 Casey 381; Goodrich v. The City, 5 Wallace 566; Taylor v. Royal Saxon, 1 Wallace, Jr. 333. As to refusing the issue: Act of June 16th 1836, § 87, Pamph. L. 777, Purd. 446, pl. 104; Trimble's Appeal, 6 Watts 133.

D. Barclay, for appellees.—The appellant has no interest: Hylton v. Brown, 1 W. C. C. R. 143; Steel v. Bridenbach, 7 W. & S. 150; Watson v. Willard, 9 Barr 89; Boal's Appeal, 2 Rawle 37; Steinbridge's Appeal, 1 P. R. 481; Whitehill v. The Bank, 1 Watts 396. He referred also to the Rules of the Common Pleas of Armstrong county, above stated. The distribution was a judicial act: Freeman v. Caldwell, 10 Watts 12. There must be plain mistake to set aside an auditor's report: Stehman's Appeal, 5 Barr 413. Error does not lie to a refusal to open a judgment: Kalbach v. Fisher, 1 Rawle 323; Kellogg v. Krauser, 14 S. & R. 137; Bunce v. Wightman, 5 Casey 335. The decree of bankruptcy does not affect a judgment previously obtained against the bankrupt: Reigart v. Small, 2 Barr 487; Weiner v. Farnum, Id. 146; Haldeman v. Michael, 6 W. & S. 128; Miller v. Black, 1 Barr 420. The Armstrong County Court had complete jurisdiction: Peck v. Jenness, 7 How. 623.

The opinion of the court was delivered, July 7th 1870, by

Agnew, J.—H. C. Pavitt confessed judgment on the 1st of May 1867, executions were issued on the 1st and 2d of May, his personal property levied and sold on the 10th of May, an auditor appointed on the 5th of June to make distribution of the proceeds of sale, and his report filed on the 12th of July 1867, and laid over on the objection of creditors in bankruptcy. Under the Act of Congress of March 2d 1867, establishing a uniform system of bankruptcy throughout the United States, no petition in bankruptcy could be filed in the District Court of the United States until the 1st day of June 1867. A petition having been filed by creditors of H. C. Pavitt, he was, on the 6th of August 1867, after a trial by jury participated in by some of the execution-creditors, declared a bankrupt. The precise time of the appointment of John M. Rohrer as his assignee in bankruptcy does not appear in the record, but on the 24th of October 1867, he appeared in the Common Pleas of Armstrong county, the auditor's report and distribution being still pending, and filed exceptions, and also filed his petition setting forth the facts in relation to the confession of judgments and subsequent proceedings, and the proceedings in bankruptcy, and the finding of the judgments invalid, and prayed for an order of payment of the money to him as the assignee for distribution in bankruptcy. Afterwards, the court still having the auditor's report under consideration, the assignee

fearing that the Court of Common Pleas might not consider the decree in bankruptcy sufficient evidence of the fraud of the execution-creditors on the bankrupt law, presented a second petition on the 19th of January 1869, setting forth specially all the facts and the questions to be decided, and prayed an issue to try them. The court overruled the application and refused the issues on the 22d of January 1869, the auditor's report still remaining undetermined, and finally confirmed it on the 17th of March 1869, thereby ordering the money to be paid to the execution-creditors, to whom the proceeds of the sale were awarded. This was clearly an error. It was the duty of the court to allow the assignee a hearing, and to award the issues. The notice to creditors and other claimants required to be given by the auditor under the 74th rule, and the demand of the issue before the auditor under the 75th rule of the Court of Common Pleas, could not apply to the assignee in bankruptcy, who was not appointed until after the decree of the 6th of August, declaring Pavitt a bankrupt under a petition which could not be presented to the District Court of the United States until the 1st of June. When appointed, the rights of the assignee in bankruptcy ran back by force of the Act of Congress to the time the judgments were confessed in fraud of the law, and he could rightfully ask the state court to be permitted to come in at any time before a final decree to claim the fund against creditors who are postponed by operation of the law, and to have a trial of the facts. That the claim is not too late in such a case as this, is decided in numerous cases: Trimble's Appeal, 6 Watts 133; Reigart's Appeal, 7 W. & S. 267; Brown's Appeal, 2 Barr 463; Seip's Appeal, 2 Casey 176; Ross's Estate, 9 Barr 17; Souder's Appeal, 7 P. F. Smith 503.

The assignee was undoubtedly a proper party to demand the proceeds of the sheriff's sale. The property was levied and sold under execution before the proceedings in bankruptcy began, and was rightfully converted and brought into court for distribution. The assignee could not follow the property, but must resort to the state court to lay in his claim as the rightful owner of the fund, as against those creditors whom the bankrupt law postponed. Under the 35th and 39th sections of the Bankrupt Act of March 2d 1867, a debtor commits an act of bankruptcy, and his preference is void, who voluntarily confesses judgment with intent to procure his property to be attached and seized in execution, and thus to prefer a creditor who accepts the judgment, having at the same time a reasonable cause to believe that the debtor is insolvent, and that the confession is made with an intent to defeat the provisions of the bankrupt law. If proceedings be commenced within the time limited and the debtor is declared a bankrupt, the assignee is authorized to recover back the money or property, and the creditor, having reasonable cause to believe that a fraud on

[Rohrer's Appeal.]

the act was intended, or that the debtor was insolvent, is not permitted to prove his debt. This being the right of the assignee in bankruptcy and the position of the preferred creditors, it was unnecessary that their judgments should be opened. The Act of Congress, which is in this respect the supreme law, operates directly on the rights of those creditors, making void their preference and postponing their claims to the proceeds of sale, and letting the assignee, as the owner of the fund, in upon it. He claims, not upon an adverse title, but under and through the bankrupt by virtue of the Act of Congress. His claim is adverse to the creditors only in the sense that they are postponed and he supersedes them, and he comes in upon the fund and not the property, as we have seen, because of the rightful jurisdiction of the state court at the time to seize and sell the property. Rohrer, the assignee, is therefore a party aggrieved in this case, and entitled to appeal. He represents the general creditors: Bletz *v.* Haldeman, 2 Casey 403.

> The decree of the Court of Common Pleas is therefore reversed, and the record ordered to be remitted with a *procedendo*.