# The Providence Steam & Gas Pipe Co. *versus* Chase, Bartholow & Co.

1. In the distribution of a fund arising from a sheriff's sale, where one of the claimants applies for an issue, under the Acts of June 16th, 1836 (P. L. 777) and April 20th, 1846 (P. L. 411), which is refused by the court and a decree of distribution made, the applicant's proper redress is an appeal from the decree of distribution.

2. Where, in such a case, A.'s written applications for an issue, presented in proper form, were refused by the court, and a decree of distribution

made excluding A. from the fund, and after twenty days from the making of such decree A. took a writ of error, alleging said decree, and the refusal of the court to grant an issue:

*Held*, that the writ should be quashed. Even conceding that a writ of error would lie under the Act of 1846, for the refusal to grant an issue, it should have been taken within twenty days from the final decree. Under the Act of 1836, an appeal could not be taken after the expiration of that time; and it was not the intendment of the Act of 1846 to allow a writ of error after the decree has become irreviewable by lapse of time and the money has been distributed. The two Acts must be construed together, and the limitation of twenty days applies, wherever there has been a final decree of distribution, without an issue having been directed.

January 13th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia County :* Of January Term 1884, No. 276.

This was, in the court below, a contest over a fund derived from a sheriff's sale of certain real estate known as Brown's Mills in the City of Philadelphia which was sold under a mortgage, the fund paid into court, and E. Greenough Platt, Esquire, was appointed Auditor to make distribution of the same. By agreement of counsel $6,500, of the fund were set aside to abide the determination of a contest between certain parties claiming to have liens thereon, and the remainder distributed immediately.

On February 24th, 1883 the Providence Steam and Gas Pipe Company, one of said lien claimants, presented to the Auditor in writing its request, in accordance with the Acts of June 16th, 1836 and April 20th, 1846, for an issue to determine alleged disputed facts. This request was returned to the court by the Auditor and after being amended by the said company, the court referred a rule for an issue to the said Auditor, who on April 21st, 1883 reported adversely to the awarding thereof. To this report the company filed exceptions. On May 5th, 1883 the rule for an issue was discharged, and on the same day the company filed a more definite written request for an issue accompanied by an affidavit that there were material facts in dispute and setting out those facts at length. The Auditor reported this last mentioned request to the court and on May 12th, 1883 it was marked "filed" in the court docket. On May 19th, following, this last application for an issue was also refused by the court and a few days later the company filed exceptions to this refusal.

In June 1883 the Auditor filed his report awarding the entire fund to Chase et al., lien claimants other than said company. Exceptions filed by the latter to this report were dismissed and the same confirmed absolutely September 21st,

1883, and the fund was distributed by order of court on December 8th, 1883.

In January 1884 the said The Providence Steam & Gas Pipe Company took this writ of error, and a *certiorari* was also issued the same day.

The errors assigned were, the rulings of the court below in refusing the issue demanded; and the decree excluding the company from any share of the fund.

*Hanson*, for plaintiff in error.

*A. Sydney Biddle* (with whom were *J. Edward Ackley* and *George Biddle*), for defendants in error.—This case arises from the distribution of a fund realized by a sheriff's sale. It must, therefore, be governed by the provisions of the Act of June 16th, 1836 (Purdon, page 656), providing *inter alia* for the "distribution of proceeds of sheriff's sale." Section 89 of this Act (Purdon 657, pl. 112), provides that—

"Any person aggrieved by the decree of the court in any case of distribution made without the intervention of a jury may at any time within twenty days thereafter appeal from the same to the Supreme Court."

If the Providence Company was aggrieved, it was "without the intervention of a jury;" they must, therefore, under this Act, appeal within twenty days or not at all. The decree of distribution was contained in Auditor Platt's report, which was confirmed September 21st, 1883. This appeal was taken January 15th, 1884. That this was too late, needs no argument.

A writ of error is not a proper method of reviewing the decision of a lower court where the error complained of is the refusal of the court to grant an issue. The remedy is by appeal: Commonwealth *v.* Beaumont, 4 Rawle 366 ; Ruhlman *v.* the Commonwealth, 5 Binney 24. No warrant can be found for this writ unless authorized by Act of Assembly. For such authority the plaintiff in error relies on the Act of April 20th, 1846 (P. L. 411), which declares that when application is made for an issue, "the court shall determine whether such issue shall be granted, subject to a writ of error or appeal by such applicant if the issue be refused, in like manner as in other cases in which such writ now lies."

This clearly means that writs of error or appeal are to be allowed upon refusal of the court to grant an issue in accordance with the rules governing the allowance of writs of error and appeals in other ordinary and well known cases.

In Reed's Appeal, 71 Pa. St. 378, it was ruled that the proper practice after judgment upon a feigned issue, in a proceeding under this Act of 1836, was to wait until a decree of distribu-

12 OUTERBRIDGE—21

tion was entered, *and. then appeal from the decree, and also bring up the record by writ of error.* SHARSWOOD, J., further says :—"It is clear that the writ (of error) does not lie until after final judgment, and it is only in the event of the affirmance of the judgment upon the feigned issue that the decree of distribution is to be reviewed in this court (by the appeal)."

But the Providence Company have no judgment against them, to which a writ of error can be brought, while since the appeal and *certiorari* brought up the decree, the record and the facts, if they brought up anything, it is difficult to see upon what this writ of error can operate.

Again, we have (it is submitted) shown that the appeal of the Providence Company is too late; now Reed's Appeal holds that,by writ of error the decree of distribution cannot be called in question, but if the appeal be quashed, then the decree of distribution is forever established, and of what use can this writ, however successfully prosecuted, be to the Providence Company? There is absolutely nothing which a reversal by this court can find to work upon, since under an unimpeachable decree the fund in the court below has been entirely distributed.

In all the following cases, claimants whose petitions for issues had been denied, appealed from the decree of distribution, brought up the record by *certiorari*, and assigned for error the refusal of the court below to grant the issue prayed for: Robinson's Appeal, 12 Casey, 81; Knight's Appeal, 7 Harris, 493; Benson's Appeal, 12 Wright, 159; Souder's Appeal, 7 P. F. S., 498; Martin's Appeal, 1 Out., 85. It is submitted, therefore, that by writ of error the Providence Company cannot test the propriety of the lower court's refusal to grant their petition. *Certiorari* and appeal is the only way. But this they cannot do so long after the entry of the decree of distribution, so that by reason of their delay they no longer have any right to question in this court the entire correctness of the proceedings in the Court of Common Pleas.

Mr. Justice TRUNKEY delivered the opinion of the court, March 16th, 1885.

The Act of June 16th, 1836, relating to the distribution of proceeds of sheriff's sales, clothes the court with power to hear and determine the same according to law and equity. But if any fact connected with such distribution shall be in dispute, at the request in writing of any person interested, the court shall direct an issue to try the same, and the judgment upon such issue shall be subject to a writ of error, in like manner as other cases wherein writs of error lie. Upon the writ of error the whole record shall be returned, and it shall be com-

petent for any person aggrieved by the decree of distribution, to take exceptions thereto, if the judgment upon such issue should be affirmed. Any person aggrieved by the decree of the court, in any case of distribution made without the intervention of a jury, may appeal within twenty days thereafter: Sections 87, 88, 89. The Act of April 20th, 1846, provides that before an issue shall be directed, the applicant therefor shall make affidavit that there are material facts in dispute, stating the nature and character thereof, upon which the court shall determine whether an issue shall be granted, subject to a writ of error or appeal by such applicant, if the issue be refused. A chief object of the supplement was to prevent frivolous applications, and to confer power upon the court to determine whether any material facts were in dispute.

Prior to the enactment of 1846, if an issue was refused, the applicant was entitled to redress, and generally, if not always, such redress was obtained on appeal. The mandate to direct an issue, when facts were in dispute, was peremptory. And if the application was made after the evidence had been given to the court, and the counsel had concluded their arguments, it was in time. Since the proviso in the Act of 1846, the right to an issue remains as before, but the court shall determine whether the applicant has set forth any material facts which are in dispute. The remedy for an erroneous refusal of an issue, though expressly given, is the same as existed under the Act of 1836. Of the numerous appeals from the final decrees of the courts of Common Pleas, where applications for issues had been refused, and the refusal assigned for error, in some of which the order of refusal was affirmed, and in others reversed, the following may be cited as tending to show the practice under the statutes where parties are aggrieved by the refusal of an issue: Bichel *v.* Rank, 5 Watts, 140; Trimble's Appeal, 6 Id., 133; Robinson and others' Appeal, 36 Pa. St., 81; Knight's Appeal, 19 Id., 493; Benson's Appeal, 48 Id., 160; Souder's Appeal, 57 Id., 498; Martin's Appeal, 97 Id., 85.

Where an issue has been directed, whether properly or improperly, the party aggrieved by subsequent action of the court, may take a writ of error. After the trial of an issue erroneously ordered, the order was set aside in this court: Christophers *v.* Selden, 28 Pa. St., 165. After the trial of an issue, the court set the verdict aside, on the second trial the jury failed to agree, and then the court struck the issue from the record on the ground that the evidence utterly failed to establish the plaintiff's allegation. That order was reversed for the reason that the plaintiffs, having complied with the provisions of the statute, was entitled of right to an issue; Dormer *v.* Brown, 72 Pa. St., 404.

When there is error in the trial of an issue it can only be corrected on writ of error; it cannot be reviewed on an appeal from the decree of distribution made in accordance with the verdict: Garrison's Appeal, 38 Pa. St., 531. A judgment on an issue to try the right to the money was reversed on a writ of error: but the decree of distribution was said to be reviewable only on appeal: Shertzer's Exrs. *v.* Herr. 19 Id., 34.

In Brown's Appeal, 26 Pa. St., 490, the decree was reversed because it was not supported either by the report of the Auditor, or the special verdict. It was said that a writ of error will lie to a judgment or an issue, but the better practice is to bring up the whole record by appeal after the decree of distribution. That dictum respecting an appeal, was shown by SHARSWOOD J. in Reed's Appeal, 71 Id., 378, to be irreconcilable with the statutes which provide that the judgment upon the issue shall be subject to a writ of error; that such writ does not lie until after the final decree; that upon an appeal from the decree there can be no reversal, if it conforms to the facts settled by the verdict and judgment upon the issue; and that it is only in the event of the affirmance of the judgment upon the feigned issue that the decree of distribution is to be reviewed in this court. "We hold the proper practice to be as to the parties to the feigned issue, whenever errors are alleged to have occurred on the trial, after the decree of distribution, by a writ of error to bring up the whole record. If they appeal without accompanying the appeal with such writ, no judgment of reversal of the judgment on the feigned issue can be regularly entered here on the appeal from the final decree, and as a consequence the finding of the jury upon the feigned issue must be regarded as conclusive."

In the light of the adjudications, the statute is easily understood. A writ of error lies where error is alleged to have occurred on the trial of the issue, or where the court, having directed an issue, afterwards erroneously set it aside. Perhaps the latter could be reviewed on appeal from the final decree. An appeal is the only remedy where error is alleged in the decree of distribution, and this whether the disputed facts were determined on a feigned issue, or otherwise. Where an issue was demanded and erroneously refused, the applicant may have redress on appeal from the decree of distribution.

The decree in this case was made without the intervention of a jury. If the plaintiffs in error were aggrieved by that decree, and allege error in the refusal of their application for an issue, they had remedy by appeal. Indeed that seems to have been the usual mode of obtaining redress for such refusal. Conceding that a writ of error would lie, if the issue

be refused, it should be taken within twenty days from the final decree of distribution.   An appeal taken after the expiration of that time will be quashed : Dawson's Appeal, 15 Pa. St., 480.   Unless a writ of error, or an appeal, be taken within the time limited, where the decree is made without the intervention of a jury, the court may order the money to be paid according to the decree.   It is not the intendment of the statute to allow a writ of error after the decree has become irreversible by lapse of time, and the money has been paid accordingly, by order of the court.   The Act of 1836 and the supplement of 1846 must be construed as one statute, and the limitation applies wherever there has been a final decree of distribution without an issue having been directed to try facts in dispute.   This writ was taken too late.

Writ of error quashed.