## OVERHOLT'S APPEAL.

1. Where real estate has been purchased for partnership purposes, and was so held, judgments for partnership debts are payable out of the proceeds, in preference to judgments against partners individually.

2. If the judgment is merely a joint one, it is competent for the plaintiff therein, on the distribution of a sheriff's sale of partnership property, to prove that the cause of action was a partnership debt.

FROM the Common Pleas of Fayette.

The estate of Blocher, Shoemaker & Taylor, in certain factory property in the village of New Haven, having been sold under execution, an auditor was appointed to distribute the proceeds.

The report set forth two modes of distributing. 1. Among certain judgment creditors, including the appellant, on the assumption that the land had been held by the defendants as partners, and not as tenants in common. 2. Among other judgment creditors, on the assumption that the property was held by defendants as tenants in common, by which the judgment of the appellant was excluded. This judgment was confessed by the three defendants on a written instrument for the payment of money. The judgments of the appellees were separate judgments.

On the coming in of the report, the record showed that the appellant, claiming that *his judgment was entitled to a preference to the separate judgments against Isaac Shoemaker, one of the partners, asked the Court to direct an issue to try his right to the money in court, on the ground that the property sold was partnership property*, bought by Blocher, Shoemaker & Taylor, as such, and for the purpose of carrying on the manufacturing business in partnership, and held, occupied, and claimed by them as partners.

At the same time he made affidavit, " That the factory property at New Haven, sold by the sheriff as the property of Blocher, Shoemaker & Taylor, the proceeds of which are now the subject of distribution, was purchased by the said Blocher, Shoemaker & Taylor *as partnership property, and for the purpose of carrying on by them as partners* the manufactory of woollen goods, and that after the purchase as aforesaid this deponent knows that they held it as partnership property.

" The foregoing facts, as this deponent understood, were not disputed or denied before the auditor; and further, he understood that it was conceded or admitted that the proceeds would have to be applied to the payment of the partnership debts. If it had been

deemed necessary to have had proof of the foregoing facts, viz.: that the property was purchased for partnership purposes, and for the purpose of carrying on by them as partners the manufactory of woollen goods, he could have shown it very clearly and fully; he prays that an opportunity of doing it may be afforded him; therefore he asks that an issue may be tendered by the Court, or the matter be remanded to same or to another auditor, to receive testimony and make report."

The Court (EWING, P. J.) refused the application, and confirmed the second of the proposed plans of distribution, saying: "The counsel for H. D. Overholt ask the Court to refer this report back to the auditor, or to direct an issue to enable him to prove that the property sold was purchased by the defendants, as partners, for partnership purposes, as is stated in affidavit of H. D. Overholt, and in his application for an issue, this day filed, and that his judgment, No. 90, Sept. T. 1844, *was given for a partnership debt.* The Court declines to do so, because it is believed that the distribution must be made to the judgments as they *appear on record,* that *their character cannot be altered by parol proof,* and the distribution will be the same in the opinion of the Court whether the defendants held the property *as tenants in common* or as *partners,* the *judgments all appear upon record* as of the same character, *as ordinary judgments against the defendants."*

*Patterson* and *Howell,* for the appellant.—That the partnership property must be first applied to the debts of the firm, is not disputed, and this rule extends to real estate, as is shown by 7 Barr, 165. The Court therefore erred in refusing an issue, for there were no facts reported as to the point raised by that application, and our motion was one of right: 5 Watts, 140; 6 Ib. 133; 7 W. & S. 267. It was not proposed to alter the nature of the judgment, but simply to show its consideration, which was essential to our right: 1 Atk. 225; 1 Rose, 65, 27; 3 Hump. 209; 2 Bro. C. C. 595. Of what consequence is it that a partnership was not alleged on the record? There was a joint debt and judgment against all the partners. All these being bound, the joint effects were bound; and to rebut any equity we might show the origin of the liability; 2 McL. 27; 1 Denio, 402, 471.

*Veech,* contrà.—There is no allegation in the application for the issue, nor does it anywhere appear on the record that the appellant's

judgment had any relation to partnership transactions; on the contrary it is but a simple joint-judgment, and has no more effect than if it were for a trespass. If this were otherwise, still the partnership interest in the land does not appear from the deeds on record, and that is essential to found the preference claimed: 7 S. & R. 438; 2 Watts, 143. There is no pretence that the property was purchased as an article in which the firm dealt, but merely that it was purchased for the business of manufacturing by them. The Act of 1836, s. 87, requires a *fact* to appear to be in issue, and the rule of Court regulating this proceeding has not been complied with; but supposing this out of the way, it is settled that the fact must be a material one: 7 Barr, 256; 7 W. & S. 267; 9 Ib. 189; and nothing of the kind appears on the record.

ROGERS, J.—Under the Act of 1806 respecting executions, if any fact connected with the distribution of the estate shall be in dispute, the Court shall, at the request in writing of any person interested, direct an issue to try the same. This Act is ruled to be imperative on the Court, and a refusal error, in Bickel v. Rauk, 5 W. 140, Reigart's Appeal, 7 W. & S. 267, Trumble's Appeal, 6 W. 138, and in 7 W. 127. But it is said that it is not the duty of the Court in all cases to grant an issue: that the Act was not intended to enable a litigious party to demand an issue under all circumstances, and thus take his chance before a jury where there is nothing in the case to call for its intervention. And this is ruled in Dougherty's Estate, 9 W. & S. 192–3, and in Dickerson and Hoover's Appeal, 7 Barr, 250. If this be a case of that description that there were no facts to submit, or that the determination of the facts would not alter the result, the refusal to direct one issue worked no injury; and consequently, as has been repeatedly ruled, we would not reverse the proceedings. The controversy in this case is between separate and partnership creditors, as to the distribution of proceeds arising out of the sale of property alleged to be held in partnership. In the distribution of the money two facts are material. Was the judgment of the appellant a judgment against the persons named in their individual or partnership characters, and was the property sold partnership property? In view of these facts, which are undoubtedly material in the distribution, the appellant filed an affidavit, setting forth that the factory property at New Haven sold by the sheriff as the property of Blocher, Shoemaker & Taylor, the proceeds of which are now the subject of

distribution, was purchased by Blocher, Shoemaker & Taylor, as partnership property and for the purpose of carrying on business by them as partners for the manufacture of woollen goods, and that after the purchase aforesaid the defendant knows that they held it as partnership property. The appellees contend that the affidavit does not allege that his debt was a partnership debt, and consequently the only issue which the jury would have to try would be whether or not the property sold was partnership property, and that this would have left the question whether Overholt should be preferred over other separate creditors as undetermined as before, and consequently would have no effect in changing the manner of distribution. That the affidavit in this particular is defective must be conceded; and if the case rested here, there would be no cause for reversal, as no injury was done the appellant. But that the request was not confined to an issue to try whether the property sold was partnership property, would seem to be pretty plain. On the 31st December, 1847, we found this entry signed by the learned judge who heard the case. The counsel for H. D. Overholt ask the Court to refer this report back to the auditor, or to direct an issue to enable him to prove that the property sold was purchased by the defendants as partners for partnership purposes, as is stated in the affidavit of H. D. Overholt and in his application for an issue this day filed, *and that the judgment No. 90, Sept. T., 1844, was given for a partnership debt.* And what renders it certain that the application for an issue was intended for a double purpose, is that the Court declined to grant the application because it was believed " that the distribution must be made *to the judgments as they appear on the record; that their character cannot be altered by parol proof,* and the distribution will be the same in the opinion of the Court whether the defendants held the property as tenants in common or as partners: the judgments all appear upon the record as of the same character as ordinary judgments against the defendants." It is perfectly plain the Court understood the application as a demand of an issue to try whether the judgment No. 90, Sept. T., 1844 (the Overholt judgment), was given for a partnership debt. Without this it is impossible to understand the reason assigned for refusing to grant the issue and confirming the distribution made. With that explanation the remark of the judge is perfectly intelligible, and if right in his idea that the distribution must be made to the judgments as they appear on the record, and that their character cannot be altered by parol proof, there would be nothing wrong in refusing to direct an

issue. The issue could produce no possible beneficial effect to the appellant, and of course there would be nothing of which he could complain. But that the Court was mistaken in that view of the case, would seem to be plain on the authorities cited. Thus, where one of two partners gives bond for the payment of borrowed money; the other witnesses it; the money is entered in the cash book of the partnership; a joint commission taken out; the obligee is entitled to be admitted as a creditor : Ex parte Gilbert Brown, cited 1 Atk. 225. So when money is raised for partnership purposes by bills drawn by one of the firm, the person discounting them can sustain his claim against the joint estate for the money received by the firm: Bradly v. Miller, 1 Rose, 65, 27; Cary on Partnership, 90. The object of the application is for liberty to show that the bond was given by defendants as partners and for a partnership debt. We see nothing in the proposal contradicting the judgment; but a mere explanation. A firm may exist, as is correctly said, and often does, without being designated by any name, and in bringing suit against a firm of that kind it is sufficient to designate the names of the parties, as in this case, and it is unnecessary to allege the existence of a partnership firm. In Dana v. Abbott, 2 McLean, 27, it was decided that in an action against the maker of a note signed A. and B., it is unnecessary to allege a partnership between the makers. It is only, as is ruled 1 Denio, 471, 402, when partners have a partnership name, that they will be bound only by that name. For the reasons given, we are of opinion that there was error in refusing to direct an issue.

Proceedings reversed and remitted, with directions to award an issue.