## Meily *et al.*, Terre-tenants, *versus* Wood.

1. Where land is held by a firm by deed expressing that it is partnership stock, an encumbrance against a member of the firm is not a lien upon any interest in it, so as to prevent the firm conveying to a purchaser clear of the encumbrance.

2. Wood conveyed to Meily & Co., declaring in the deed that the land was for partnership purposes; a judgment was entered by Wood, a few days afterwards, against one of the firm for his proportion of the purchase-money; the partner conveyed his interest in the partnership to his fellows, and withdrew; they conveyed the whole. *Held,* that the judgment was not a lien against the terre-tenants.

3. The land was personal property to be applied according to the equities between the partners, in payment of the partnership debts in the first instance.

4. Each partner's interest was, as in any other property of the firm, what should be due him on a final settlement.

5. An execution by a separate creditor would sell, not an interest in realty, but the balance due his debtor, with right by bill in equity to compel a settlement.

6. Where land is agreed to be made partnership stock, there is an out-and-out conversion.

7. Erwin's Appeal, 3 Wright 535; Kramer *v.* Arthurs, 7 Barr 165; Lancaster Bank *v.* Myley, 1 Harris 544, approved.

May 22d 1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Dauphin county:* No. 6, to May Term 1872.

On the 26th of June 1868, Charles A. Wood and others, survivors of the firm of James Wood & Co., issued a scire facias *sur* judgment against James P. Witherow, with notice to John Meily, Lyman Nutting and Henry J. Meily, partners as Meily & Co., and the Middletown and Lebanon Iron Company, terre-tenants.

The firm of James Wood & Co., being the owners of the "Middletown Furnace," with a considerable quantity of other real estate connected with it, on the 22d of February 1864, sold and conveyed it all to "Henry J. Meily, James P. Witherow, John Meily and Lyman Nutting," partners doing business under the

[Meily *v.* Wood.]

firm name of "Meily & Company," for the consideration of $115,000. " Said property to be holden by the said Henry J. Meily, James P. Witherow, John Meily and Lyman Nutting, "as partnership property."

On the same day the grantees gave a mortgage to the grantors for $100,000, for part of the purchase-money. On the 25th of February, Witherow gave a bond with warrant of attorney to James Wood & Co., to secure the sum of $3750, being Witherow's one-fourth of the purchase-money not included in the mortgage; judgment was entered on this bond February 27th. On the 8th of August 1866, Witherow retired from the firm of Meily & Co., and the remaining partners continued the business under the same firm name; and Witherow agreed to convey all his interest, &c., in the partnership, real and personal, to the new firm; they stipulating to pay all the debts and indemnify him against the Wood judgment. On the 13th of August 1866, Witherow by deed conveyed his interest in the land to the Meilys and Nutting, and they on the 1st of May 1868, conveyed the whole to the Middletown and Lebanon Iron Company, defendants.

The case was tried January 25th 1871, before Pearson, P. J.

There was other evidence beside that contained in the foregoing statement; it appeared by it, that Witherow was entitled from the plaintiffs to a credit of $1000 on the judgment.

The court instructed the jury to find a verdict against James Witherow for the amount of the original debt and interest, after allowing the credit of $1000, and to continue the lien for another period of five years; also to find that the judgment is a lien against the property of the terre-tenants named in the pleas. The last question, whether the judgment is a lien on the property in the hands of the terre-tenants, was reserved by the court.

The verdict was for the plaintiff for $3891.25, " as against James P. Witherow, the defendant; and also against John Meily, Lyman Nutting and Henry J. Meily, and the Middletown and Lebanon Iron Company, the terre-tenants, for like sum, and that the lien of said judgment is continued as to the defendant and the terre-tenants."

The court afterwards entered judgment on the verdict for the plaintiffs on the reserved question.

The terre-tenants removed the case to the Supreme Court.

They assigned for error :—

1. The court erred in instructing the jury to find that the judgment is a lien against the property of the terre-tenants.

2. The court erred in giving judgment in favor of the plaintiffs on the reserved point.

*J. Funck,* for plaintiffs in error.—Real estate conveyed to be held as partnership property is personal estate : McDermot *v.* Lau-

[Meily *v.* Wood.]

rence, 7 S. & R. 440; Reply *v.* Waterworth, 7 Ves. 424; Hale *v.* Henrie, 2 Watts 145; Kramer *v.* Arthurs, 7 Barr 171; Lancaster Bank *v.* Myley, 1 Harris 549; Erwin's Appeal, 3 Wright 535; Abbott's Appeal, 14 Id. 237.

*B. F. Etter* and *J. W. Simonton*, for defendants in error.—A judgment is a lien on *every kind* of equitable interest in land, and on every kind of right therein vested in the debtor at the time of the judgment: Carkhuff *v.* Anderson, 3 Binney 5; Carneghan *v.* Brewster, 2 Barr 42; Thomas *v.* Simpson, 3 Id. 69; Foster's Appeal, Id. 79; Ely *v.* Beaumont, 5 S. & R. 126; Richter *v.* Selin, 8 Id. 440.

In equity, real estate held and used as partnership property is subject to the payment of partnership debts in preference to the claims of separate creditors. For the purpose of this equity only must such real estate be treated as personalty, for every other purpose it is and remains real estate, subject to all the rules and laws in relation thereto: 1 Scribner on Dower 547, &c., 3d ed.; 1 Washburne on Real Estate 573, &c.; Cookson *v.* Cookson, 8 Simons 529; Buckley *v.* Buckley, 11 Barbour 43; Wilcox *v.* Wilcox, 13 Allen 252; Overholt's Appeal, 2 Jones 222; Lancaster Bank *v.* Myley, 1 Harris 544; Erwin's Appeal, 3 Wright 535; 1 Amer. Leading Cases 497–8; 1 Leading Cases in Equity, 3 Am. Ed., 240; Shearer *v.* Shearer, 98 Mass. Rep. 107; Black's Appeal, 8 Wright 503; Roop *v.* Rogers, 5 Watts 193; King's Appeal, 9 Barr 124; Coover's Appeal, 5 Casey 14; Doner *v.* Stauffer, 1 Penna. Rep. 198; Deal *v.* Bogue, 8 Harris 234; Lothrop *v.* Wightman, 5 Wright 304; Smith *v.* Emerson, 7 Id. 461.

The principal distinctions between real and personal estate owned by a partnership are:—

1. The title to the real estate does not pass by delivery of possession merely, but it must be by deed.

2. One partner cannot convey the interest of his copartners in real estate.

3. The real estate does not pass to the surviving partners, nor to the personal representatives of the deceased partner, but to the widow and heirs.

4. In the distribution of the proceeds arising from the judicial sale of the land of a partnership, judgment-creditors are preferred to simple-contract creditors.

5. Partnership real estate is subject to dower in favor of the widow of one of the partners, so far as a surplus may be left, after paying the partnership debts.

6. The sheriff cannot sell the partnership real estate on a fi. fa. without inquisition.

7. Nor can it be levied upon and sold by a constable, as can personal: Parsons on Partnership 72–75, &c.; Story on Partner-

[Meily v. Wood.]

ship, 2 ed., pl. 94–101 ; 3 Kent's Commentaries 38, note C ; Brightly's Eq. Jur., § 206–7 ; Stroud v. Stroud, 1 Philips (H. C.) 5 ; 1 Scribner on Dower 507, &c.

The opinion of the court was delivered, May 30th 1872, by

SHARSWOOD, J.—There are several important and interesting questions considered and discussed in the able opinion of the learned judge below, which we do not intend to examine and decide here.   We mean to confine ourselves to the precise point presented upon the record.   Whether, when all the trusts of a partnership have been accomplished, the partnership-debts all paid, the business of the firm all settled, and all other assets divided among the partners, land which formed a part of the stock, but which remains unconverted, shall thenceforth be treated as real estate, be subject to dower, descend, and be liable to the lien of mortgage and judgments against the individual partners, are questions which clearly do not arise in this case, and will most properly be decided when they do so arise.   The simple and only question as we view it on this record is this : where land has been conveyed by deed duly recorded to a partnership, expressing on its face that it is to be holden as partnership-stock, is a judgment against an individual member entered up immediately after it, a lien upon it or any interest in it, so as to preclude the firm from disposing of it and making a title to the purchaser clear of such an encumbrance. Here the land was conveyed to Meily & Company by indenture, dated February 22d 1864, recorded February 27th 1864, expressed on its face to be as partnership-property.   On the 25th of February 1864, judgment was entered up in favor of the grantors on that conveyance, against Witherow, one of the members of the firm of Meily & Co.   There can be no doubt that the firm of Meily & Co. was then in full operation as a firm, that at that time the land was to be regarded as personal property, to be applied according to the equities between the parties to the payment of partnership-debts in the first instance, and that the interest of each partner was the same as his interest in any other kind of stock, such as goods and merchandise, bills receivable and book-debts— namely, an interest in what should appear upon a final settlement to be due to him.   If the separate creditor should sue out an execution on his judgment, that is all the sheriff could sell—an interest not in realty but in personalty—namely, the balance due to his debtor upon final settlement, with the right by bill in equity to compel such a settlement.   All this cannot be controverted, and these principles seem to be decisive of this cause.   There are, however, at least three cases in which the very point now before us has arisen and been expressly decided in this court, that a judgment against an individual partner in such a case is no lien on the land, nor upon any interest in it.   The first of these is Kramer v.

[Meily *v.* Wood.]

Arthurs, 7 Barr 165. That was a partnership to buy and sell land. The legal title, it is true, was in Wetmore and Havens, but in trust for the partnership. That, however, was clearly immaterial, as no one doubts that in Pennsylvania a judgment against a cestui que trust is a lien against his equitable estate. The deed might just as well have been made directly to all the persons composing "The Pittsburg Land Company," which was an unincorporated society or partnership. There a judgment against two of the partners was decided not to be a lien. It was held that as the ownership of such a partner is not the estate of a tenant in common in the lands, but a resulting interest in the proceeds, it is not bound by a judgment for his separate debts, though it is bound by a judgment for a partnership-debt. "When land," says Mr. Chief Justice Gibson, delivering the opinion of the court, "is brought into a concern as stock, it is as between the partners and a person who has knowingly dealt with one of them for it, to be treated as personal estate belonging, not to the partners individually, but to the company collectively." * * * In Allison *v.* Wilson's Ex'rs., 13 S. & R. 330, and Morrow *v.* Brenizer, 2 Rawle 188, he continues, "it was ruled that when a party is entitled merely to the proceeds of land when sold, he has no estate in the realty, which can be bound by a judgment or sold on an execution against him. The present is a stronger case; for so to interpret such a contract as to allow each member of the company to have a specific interest in the lands, which might be clogged by the liens or attachment of his separate creditors, would defeat the very end of the association. I grant that a sale on a judgment against the company by a partnership creditor would pass its lands, no matter whether as such or as chattels; but by no device can a separate creditor of a partner take any part of his share out of the capital stock and apply it to the satisfaction of his debt, or sell anything but his contingent share of the profits and stock at the settlement of the partnership account, and as that is personalty it cannot be bound by a judgment." Accordingly it was held that a sheriff's vendee on an execution against such separate partners could recover nothing against a subsequent purchaser of the interest of the firm, not under a judgment against the firm, but from the agents or trustees, with full notice of the trust. If this is not a case directly in point, and on all-fours with that presented upon this record, it is not easy to perceive how there can be such a thing. According to its plain principles and ruling—not the mere dicta of the Chief Justice—if the Woods had sued out execution against Witherow and sold his interest, the sheriff's vendee could have recovered nothing against the Lebanon and Middletown Iron Company. How then can it be now adjudged to be a lien on the land purchased by them from the firm, and conveyed to them by deed dated May 1st 1868? To the same effect is Lancaster Bank

v. Myley, 1 Harris 544, where it was held that when real estate purchased by partners, paid for with partnership funds, conveyed to them as partners, and the deed duly put on record, is sold under a mortgage subsequently executed by them as partners under the firm name which has been duly recorded, the proceeds of such sale are payable to the mortgagees, to the exclusion of a previous judgment obtained against one of the partners. Now if the mortgagees took clear of any lien of the previous judgment, surely a purchaser is in no worse plight. It can make no difference that these mortgagees were partnership creditors, for the power of the firm to sell its stock to pay its joint creditors is as clear as its power to mortgage; nor is a purchaser bound to see to the application of the purchase-money. It is manifest that if they could not sell clear of the lien of the separate judgment they could not practically sell at all; for a purchaser would not be bound to accept a title so encumbered, and either the judgment must be paid and satisfied, or the purchaser indemnified if he should please to accept such indemnity. Erwin's Appeal, 3 Wright 535, is another case in point. There a purchase by one partner in his own name with the funds of the firm, was held to be a resulting trust for the partnership within the exception of the Statute of Frauds. Surely it can make no difference that the legal title was in Myers; the equitable estate of Imhoff in the land, if he had any interest, was subject to the lien of a judgment. Yet a judgment against Imhoff was held to be no lien, and subsequent judgments against the firm to be entitled to priority. "With the intention," says Mr. Justice Strong, "to buy for the firm, with nothing to indicate a severance of interests, and with the fact that the joint funds paid for the lot, it must be that the beneficial interest was in the firm as such. Upon what ground, then, was the judgment of Ditmar against Imhoff a lien? He could only have sold the interest of Imhoff in the firm, and that was personal, not subject to a lien."

If then at the time the judgment of the Woods against Witherow was entered up he had no interest in the land upon which the judgment could attach as a lien, what was there to put upon the purchaser the duty of inquiring whether it had subsequently become such by the winding up of the firm, and the payment of the partnership debts, conceding for the sake of the argument, such winding up to produce the effect as between the partners and their creditors, alienees, heirs, &c., of reconverting the partnership stock from personalty back to realty? How is the purchaser to be affected by that fact without evidence of notice of it? and indeed how can he be affected even by notice? Such reconversion cannot be held to have a retroactive effect. It was expressly decided by this court in Burr v. Sim, 1 Whart. 252, where land had been converted into personalty by the absolute direction of a

[Meily *v.* Wood.]

testator, and the legatees of the proceeds afterwards elected to take the land as land, that such election was a new acquisition, not derived from the testator, but by their own act as a new purchase.

Judgments in Pennsylvania are not liens upon after-acquired lands nor after-acquired interests in land. There was nothing to call the attention of the purchaser to any other point of time than the date of the judgment; there was no subsequent revival against Witherow before the purchase. There is no analogy in the case of the vendor of land. It is true, that in equity, that is in some respects a conversion, but the legal title of the vendor remains in the land as the means of enforcing the payment of the purchase-money, and that title is subject to the lien of judgments. So a judgment against a vendee who has an equitable title attaches to and binds the legal title subsequently acquired by him. But there is not in this case what is termed an out-and-out conversion, unless the purchase-money was fully paid. There is such an out-and-out conversion when a sale is directed absolutely by deed or will; for equity will consider that as actually done which is agreed or directed to be done. So in the case of land agreed to be made partnership stock, there is of necessity an out-and-out conversion. It would not answer the purposes of such stock if one partner could encumber it by a judgment against his separate interest. If such encumbrance is a lien, it must in the nature of a lien be so from its date, and prevent the partnership either by sale or incurring debts, from disposing or encumbering the subject to the injury or prejudice of the holder of the lien. This is the quality of the very essence of a lien, without which it is none. I do not deem it necessary to elaborate the argument further. We think that both on principle and authority, the Middletown and Lebanon Iron Company, the terre-tenants, by their deed from Meily & Co., took the land entirely clear of any lien by the judgment of the Woods against Witherow, and so far as the judgment below is that such judgment is a lien against the terre-tenants, it is erroneous and must be reversed. The judgment of revival against Witherow of course stands.

The judgment in favor of the plaintiffs below on the reserved point, that the judgment is a lien on the real estate in the hands of the terre-tenants, is reversed, and now judgment is entered in favor of the said terre-tenants.