## Bosler et al. *v.* Sealfon Brothers, Appellants.

*Partnership—Real estate—Mortgage by partners—Validity.*

A mortgage given by both members of a partnership and in the firm name is a valid lien on property held in the name of the partnership. While it is true that property acquired by the firm is, under equitable principles, regarded as personal property, in order to adjust the equities of partners and the claims of creditors, nevertheless it does not lose its essential characteristics as real estate, in so far as the conveyance of it to purchasers where all the partners join in such conveyance. The right to sell must be held to include the right to mortgage and, necessarily, the right to secure the balance of the purchase money due for such real estate.

Argued October 23, 1923. Appeal, No. 4, Oct. T., 1923, by defendants, from order of C. P. Blair Co., Jan. T., 1922, No. 155, discharging rule to open judgment in the case of Cynthia G. Bosler, Lester C. Bosler, and Charles W. Bosler, Executors of Joseph Bosler, deceased, Assignees of Mary Leet Pitcairn and William Buxton Leet, v. Harry Sealfon and Joseph Sealfon, trading and doing business under the firm name and style of Sealfon Brothers. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendants appealed.

*Error assigned* was the order of the court.

*A. E. Hurshman,* and with him *Scheeline & Smith,* for appellant.—Partnership real estate is converted into personalty, and a mortgage upon the same is against public policy: Lancaster Bank v. Myley, 13 Pa. 544; Moderwell v. Mullison, 21 Pa. 257; Meily v. Wood, 71

Pa. 488; Foster's App., 74 Pa. 391; Leaf's App., 105 Pa. 505; Hall's Est., 266 Pa. 312.

*J. Lee Plummer,* for appellees.

OPINION BY TREXLER, J., November 21, 1923:

Harry Sealfon and Joseph Sealfon, trading under the firm name and style of Sealfon Brothers purchased certain premises situated in Blair County. They took title in the above style and gave a mortgage to the grantors for part of the purchase money, both partners signing it, acknowledgment being made by them as "trading and doing business under the firm name and style of Sealfon Brothers." Some time after the giving of this mortgage the partners were duly adjudicated bankrupts and afterwards the United States District Court confirmed a composition whereby the appellants secured a discharge from all the unsecured liabilities. The mortgagees took no part in the bankruptcy proceedings and filed no claim. After the confirmation of the composition and the discharge of the trustee in bankruptcy and the repossession of the property by the defendants, they filed their petition in court for a rule to open the judgment which had been entered on the mortgage in foreclosure proceedings, alleging that the real estate was purchased in the partnership name with partnership funds, was used exclusively for the copartnership business; and, therefore, was converted into personalty and could not be subject to any liens as long as the copartnership was in possession of the same, whether such lien was attempted by mortgage or judgment.

The question is: Can a partnership give a valid mortgage for purchase money upon lands acquired by it with partnership funds and used after its acquisition for partnership purposes? We would unhesitatingly answer the question in the affirmative. The Act of March 26, A. D. 1915, P. L. 18, part 3, sections 9 and 10 refers, among other things, to partnership real estate and the conclud-

ing clause 5 of section 10 provides: that "where the title to real property is in the names of all the partners, a conveyance executed by all the partners passes all their rights in such property." This was a recognition of what was undoubtedly the law before the passage of the act that the right of disposal of any of the assets of a partnership including real estate rested in the firm and that where all the partners joined, unless there was fraud, the title of the purchaser was good. The right to sell would include the right to mortgage and certainly, a fortiori, the right to secure the balance of the purchase money due for such real estate. Whilst it is true that property acquired by the firm is under equitable principles regarded as personal property, in order to adjust the equities of partners and the claims of creditors, nevertheless it does not lose its essential characteristics as real estate, in so far as the conveyance of it to purchasers where all the partners join in such conveyance. We have been unable to find any authority which would deny the right of partners to give a mortgage for the purchase money due for real estate.

The learned trial judge in his opinion refusing to open the judgment calls attention to the cases of Kramer v. Arthurs and Nicholson, 7 Pa. 165, and Meily v. Wood, 71 Pa. 488, where the Supreme Court recognized the validity of the lien of judgments against partnership real estate for partnership debts, and further quotes from Cyc., volume 30, page 548, where supported by a number of cases in the footnotes, the principle is stated that where "a valid partnership mortgage has been placed on firm property......by all of the partners it is not impeachable by other firm creditors because it gives to the mortgagee a preference over them." We may add to the cases cited by the lower court: Fair Hope, etc., Brick Co.'s Assigned Estate, 183 Pa. 96, 102. The matter requires no further elaboration. It would be "a new way to pay old debts" to hold that although these defendants

received their land back into their possession by composition with their creditors, they should now hold the land freed and discharged of the mortgage.

The judgment of the lower court is affirmed.