## Brennan *v.* Pittston Brewing Corporation, Appellant.

Argued April 13, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellant No. 77.

*W. L. Pace,* for appellant No. 79.

*John T. J. Brennan,* for appellee.

*Herman J. Goldberg,* for Sheriff of Luzerne County, under Rule 61.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 11, 1942:

The question confronting us is: Are tax paid malt or brewed beverages subject to levy and sale by the sheriff, under an execution issued on a judgment recovered by a creditor of a brewing company which is licensed under the alcoholic beverage law? The court below held they are. From the order made permitting the sale we have appeals by the Commonwealth, which was allowed to intervene, and by the Brewing Corporation.

The contention made is that, under the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reenacted and amended, 47 PS Sec. 744-1, and the Beverage License Law of May 3, 1933, P. L. 252, as reënacted and amended, 47 PS Sec. 84, it is unlawful, except as provided in these acts, for any person without a license from the Pennsylvania Liquor Control Board to sell, or offer for sale, any liquor, alcohol, or malt or brewed beverages.

It is not necessary to set forth the many provisions of the acts which are quoted in the briefs. It is sufficient to say they provide for control of the sale of alcoholic beverages by the Commonwealth. For present purposes, attention must be focussed upon section 4 of the Beverage License Law, which prohibits sales, and reads: "It

shall be unlawful for any person to sell another, except as herein otherwise provided in the case of retail dispensers *or as may be otherwise authorized by law* [italics ours], any malt or brewed beverages not for consumption upon the premises where sold, unless such person holds a valid license issued under this act permitting such sale."

The Act of June 16, 1836, P. L. 755, Sec. 41, 12 PS Sec. 2311, provides as to writs of execution issued to the sheriff: "The officer to whom any such writ may be directed shall, if the defendant therein refuse or neglect to pay the debt and costs, proceed to levy and sell so much of the defendant's personal estate as shall be sufficient for that purpose, and make return of his proceedings to the court, according to the command of such writ."

It is admitted that the sheriff's levy and sale were made under the authority of this section. It could not be controverted that the beverages here involved were part of "the defendant's personal estate" and we do not see how it can be successfully contended, in view of the section just quoted, that its sale is not "authorized by law." Nothing said in *Com. v. Stofchek*, 322 Pa. 513, 185 A. 840, in which we upheld the constitutionality of the Liquor Control Act, repels such a conclusion.

There is conflict among the decisions of several of the States on the question before us. See 21 Am. Jur., Executions, Sec. 398. As stated by the able President Judge of the court below who there disposed of the matter, "we prefer to follow the rule which will aid a creditor in the collection of an honest debt, rather than the rule which will permit a debtor to dispose of his personal property at the expense of his creditors." The defendant brewing company could sell the beverages sold by the sheriff and pocket the proceeds to its creditor's loss, if his power to do so was negatived.

The general rule is as stated in 31 Am. Jur., Judicial Sales, Sec. 3, "Unless the property in question is ex-

empt from sale by virtue of some positive rule of law, a court as a general rule, has power in a proper case to sell under a judicial sale any property, real or personal, tangible or intangible, which may be sold and transferred by the owners thereof at voluntary sale."

It should be noted that we are not passing upon what the purchaser may do with the property bought.

As to the beverages on which the tax has not been paid, it is admitted the sheriff could not sell them.

Order affirmed at appellants' cost.