## Charmwood, Inc. Appeal.

Argued November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Allen S. Gordon,* with him *Bernard S. Shire,* for appellant.

*John G. Koedel,* for appellee.

OPINION BY FLOOD, J., December 18, 1962:

This is an appeal from the refusal of the court below to set aside a sheriff's sale of real estate, title to which was held by two parties described as partners trading under a firm name, upon a judgment representing a firm debt, but entered against the two partners individually without mention of the partnership name.

On October 1, 1960, a tract of land in Franklin Township, Westmoreland County, consisting of eight lots was conveyed by deed, recorded the same day, to "Samuel DeLullo and Nick DeLullo, partners trading as DeLullo Bros. Construction Co." To obtain capital to build upon two of the lots the DeLullo brothers on February 27, 1961, borrowed $36,000 from the plaintiff and as security executed in its favor their bond secured by a mortgage on the two lots. The bond and mortgage were executed by Samuel J. DeLullo and Nick A. DeLullo without mention of the partnership name. On November 30, 1961, judgment was entered under the warrant contained in the bond in favor of the plaintiff against Samuel J. DeLullo, also known as Samuel DeLullo, and Nick A. DeLullo, also known as Nick DeLullo. Thereafter the sheriff levied upon the two properties upon which dwellings had been erected and at a sheriff's sale held January 2, 1962, they were purchased by the plaintiff for $1. The advertisement of the sheriff's sale described the property to be sold as the property of Samuel J. DeLullo, also known as Samuel DeLullo, and Nick A. DeLullo, also known as Nick DeLullo.

On November 9, 1961, prior to the entry of the judgment, Charmwood, Inc., the appellant, had filed a mechanics' lien covering the two lots and the dwellings erected thereon against Samuel DeLullo and Nick De-Lullo, trading as DeLullo Bros. Construction Co. On January 12, 1962, Charmwood, Inc. filed a petition and rule to set aside the sheriff's sale held on January 2, 1962, upon the ground that the judgment under which the execution sale was held was not a judgment against the partnership in whose name the title stood. The court below discharged the rule because, while the property sold was partnership real estate, both partners had signed the bond and mortgage, and the mortgage described the property and recited the deed by

which they obtained the property. The court also held that the appellant cannot be heard to say that it did not have notice of the mortgage because it knew that the partnership was composed solely of the two individuals.

Admittedly, the DeLullo brothers were engaged in the construction business as partners, the encumbered lots were partnership real estate and the bond and mortgage were given to secure a loan for the purpose of carrying on the business of the partnership.

The appellant argues that the judgment does not bind the partnership because the action was not brought against it in accordance with Pa. R. C. P. 2128(a). However, the precise question before us, as stated above, is whether partnership real estate, recorded in the names of all the partners trading under a firm name, is subject to execution upon a judgment representing a firm debt but entered against all the partners individually without mention of the partnership name. The rules do not specifically cover this question. Pa. R. C. P. 2132(a) provides what happens with regard to judgment and execution if suit is brought against the partnership only. Pa. R. C. P. 2132(b) provides what happens with regard to judgment and execution if suit is brought against the individual partners "trading in the firm name". The appellant argues that, since the rules are silent as to what happens when judgment is taken against the partners only, there is no authority for subjecting partnership real estate to execution on such a judgment, especially since Pa. R. C. P. 2128(a) does not provide for suit or judgment against the partnership in this form.

As against this, however, the Uniform Partnership Act in §10(5), 59 PS §32(5) provides: "Where the title to real property is in the names of all the partners, a conveyance executed by all the partners passes all their rights in such property." If partnership real

estate standing in the name of all the partners can be so conveyed by the voluntary act of all the partners, it should follow that it can be involuntarily transferred by a sheriff's sale on a judgment for a firm debt entered against all the partners individually. "Unless the property in question is exempt from sale by virtue of some positive rule of law, a court as a general rule, has power in a proper case to sell under a judicial sale any property, real or personal, tangible or intangible, which may be sold and transferred by the owners thereof at voluntary sale." *Brennan v. Pittston Brewing Corporation,* 344 Pa. 495, 497-498, 26 A. 2d 334, 335 (1942).

In support of its ruling the court below cited *Overholt's Appeal,* 12 Pa. 222 (1849). In that case, the Supreme Court reversed the refusal of the court below to direct an issue to determine whether a note signed jointly by the partners was a partnership obligation and the real property sold in execution thereunder was partnership property. The court said: "The object of the application is for liberty to show that the bond was given by defendants as partners and for a partnership debt. We see nothing in the proposal contradicting the judgment; but a mere explanation. A firm may exist, as is correctly said, and often does, without being designated by any name, and in bringing suit against a firm of that kind it is sufficient to designate the names of the parties, as in this case, and it is unnecessary to allege the existence of a partnership firm. In Dana v. Abbott, 2 McLean 27, it was decided that in an action against the maker of a note signed A. & B., it is unnecessary to allege a partnership between the makers."

The appellant calls attention to the sentence of the *Overholt* opinion which follows the portion just quoted: "It is only, as is ruled 1 Denio, 471, 402, when partners have a partnership name, that they will be

bound only by that name." However, the two cases cited, *Bank v. Monteath*, 1 Denio 402 (N.Y. 1845) and *Palmer v. Stephens*, 1 Denio 471 (N.Y. 1845) do not aid the appellant. *Bank v. Monteath*, supra, is not authority for the proposition that when partners have a partnership name they will be bound only by that name. It is rather authority for the proposition that when the partners carry on business in the name of one of the partners and the name partner executes a note in his own name, no proof is necessary in an action against the partnership that the note is a partnership obligation unless it is also shown that the name partner who executed the note also carried on another business under his own name. *Palmer v. Stephens*, supra, was concerned with a note signed by "G. Stephens per W.G.S." A firm consisting of G. Stephens and his sons did business under the name of G. Stephens and Sons, but never used the name of G. Stephens. One of the partners of G. Stephens and Sons was W. G. Stephens, son of G. Stephens. W. G. Stephens had no authority to execute notes for G. Stephens individually but did have authority to do so for the partnership, G. Stephens and Sons. It was held that in the absence of any evidence that the partnership had ever used the name "G. Stephens", W. G. Stephens alone was bound on the note and the partnership was not.

The appellant also relies upon §8(3) of the Uniform Partnership Act which provides that "Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name." 59 PS §13(3). But this section is not applicable to the situation here. The title here was not taken in the name of DeLullo Bros. Construction Co. It was taken in the name of Samuel DeLullo and Nick DeLullo, with the addition of the phrase "partners, trading as DeLullo Bros. Construction Co." Title was thus actually taken in the name of all the

partners rather than in the name of the partnership. The applicable section is not §8(3), but §10(5) of the Uniform Partnership Act, 59 PS §32(5).

In support of its contention that the judgment here did not constitute a lien on the real estate in question the appellant cites certain statements to the effect that judgments against partners individually generally do not constitute liens on partnership real estate or on the partners' interest therein because the separate interests of individual partners in partnership real estate ordinarily are considered to be personalty and also, that the face of the record is conclusive as to whether the land is held as a firm or as tenants in common. See *Assigned Estate of Fair Hope North Savage Fire Brick Company, Limited,* 183 Pa. 96 at page 98, 38 A. 519 at page 520 (1897), and 3 Trickett, Law of Liens in Pennsylvania (1891) §§210-211, pages 276-277.

While it is true that real estate acquired by a partnership is sometimes regarded as personal property in order equitably to adjust the interests of partners and the claims of creditors, in our opinion it cannot be so treated in circumstances such as are present in the case before us. In *Bosler v. Sealfon Brothers,* 82 Pa. Superior Ct. 254 (1923), we upheld as a valid lien upon real estate acquired in the names of certain partners trading under a firm name a purchase money mortgage executed by the same partners. After quoting §10(5) of the Uniform Partnership Act to the effect that where the title to real property is in the names of all the partners, a conveyance executed by all the partners passes all their rights in such property, this court went on to say (at page 256) : "This was a recognition of what was undoubtedly the law before the passage of the act that the right of disposal of any of the assets of a partnership including real estate rested in the firm and that where all the partners joined, unless

there was fraud, the title of the purchaser was good. The right to sell would include the right to mortgage and certainly, a fortiori, the right to secure the balance of the purchase money due for such real estate. Whilst it is true that property acquired by the firm is under equitable principles regarded as personal property, in order to adjust the equities of partners and the claims of creditors, nevertheless it does not lose its essential characteristics as real estate, in so far as the conveyance of it to purchasers where all the partners join in such conveyance. We have been unable to find any authority which would deny the right of partners to give a mortgage for the purchase money due for real estate."

The appellant seeks to distinguish the *Sealfon* case on the ground that the mortgage there was signed by both partners and acknowledged by both partners as "trading and doing business under the firm name and style of Sealfon Bros." However, we did not rest our decision on that ground, but rather upon the ground that a mortgage executed by the partners under the circumstances present in that case constituted a vaild lien against the partnership real estate. While the bond in the present case made no mention of the partnership, the bond and mortgage were signed by both partners, each instrument referred to the other, as well as to the purpose of the loan, and the mortgage referred to the deed by which the partners originally had taken title in their own names as partners trading under a firm name. Furthermore, the bond and mortgage disclosed that they were given to secure advances to be used to improve the real estate in question here. Under these circumstances we think the mortgage constituted a valid lien upon the real estate in question and that the same properly was sold in execution on the judgment entered on the bond.

Decree affirmed.