Palkovitz, Appellant, v. Second Federal Savings and Loan Association of Pittsburgh.

Argued September 30, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Guy L. Warman,* with him *John A. Metz, Jr.,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*B. A. Karlowitz,* with him *Frank F. Troup, Richard B. Tucker, Jr.,* and *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1963:

Appellant filed a petition for declaratory judgment, in order to determine the rights of the parties with respect to certain real estate. After completion of the pleading cycle, the parties stipulated as to the controlling factual situation and the trial court entered a declaratory judgment adverse to appellant. Appellant filed exceptions, which were dismissed by the court en banc; this appeal followed.

The stipulated facts in the case are as follows: "By deed dated October 13, 1955, East Arlington Inc., made a conveyance of three certain lots to John R. Neckerauer and Joseph Tucci, of the Township of North Versailles, County of Allegheny and Commonwealth of Pennsylvania, with the words in a different print added: 'partners, trading and doing business as Tucci and Neckerauer', parties of the second part. This deed was duly recorded in the Recorder's Office of Allegheny County in Deed Book Volume 3420, page 353, on October 19, 1955.

"On June 20, 1956, Pittsburgh Penn Center Corporation entered a judgment against John R. Neckerauer and Joseph Tucci at D. S. B. No. 3596 July Term, 1956. Subsequently, on July 10, 1956, Joseph Tucci and John R. Neckerauer executed a bond and mortgage to Second Federal Savings and Loan Association of Pitts-

burgh, in the face amount of $45,000.00 covering, inter alia, the three lots involved in these proceedings. The mortgagors in said mortgage were described as 'Joseph Tucci and John R. Neckerauer individually and trading and doing business as Tucci and Neckerauer'. Said mortgage was signed by each of them as a partner and individually. The acknowledgment of the mortgage referred to the mortgagors as 'Joseph Tucci and John R. Neckerauer, individually and trading and doing business as Tucci and Neckerauer'. This mortgage was duly recorded in the Recorder's Office of Allegheny County in Mortgage Book Volume 3904, page 485, on July 11, 1956.

"On October 24, 1958, Pittsburgh Penn Center Corporation issued execution on its judgment at Fi. Fa. No. 243 January Term, 1959, directing the Sheriff to levy upon and sell the three lots involved in these proceedings as the property of John R. Neckerauer and Joseph Tucci, individually. Subsequently, by deed dated December 20, 1958, the Sheriff executed a deed to the three lots to the plaintiff. Said deed was recorded in the Recorder's Office of Allegheny County on January 14, 1959, in Deed Book Volume 3682, page 487."

The question for determination is whether the Sheriff's sale on the judgment filed prior to the recording of the mortgage, divested the lien of the mortgage.

The court below held that appellant acquired no legal rights to the property by virtue of the Sheriff's deed, inasmuch as the property was held in the partnership name and the execution was on a judgment against the partners individually.

The Superior Court was faced with a similar problem in *Charmwood, Inc. Appeal*, 200 Pa. Superior Ct. 140, 187 A. 2d 296 (1962). There, in a well reasoned opinion, Judge FLOOD stated the question as "whether

partnership real estate, recorded in the names of all the partners trading under a firm name, is subject to execution upon a judgment representing a firm debt but entered against all the partners individually without mention of the partnership name". The Superior Court held that real estate so held was indeed subject to execution upon such a judgment.

We hold *Charmwood* to be a correct statement of the law. The analysis of the problem contained therein requires no further comment from us, since it is thorough and complete.

In the instant case, the judgment upon which execution was made, represents part of the purchase price of the property in question. As such, the debt is clearly a firm debt, and places the matter squarely within the holding of *Charmwood*.[1]

In view of our holding that *Charmwood* is controlling,[2] it is unnecessary for us to consider appellant's argument that the property was held by Tucci and Neckerauer as tenants in common, rather than as partners.

The judgment of the court below is reversed and the case remanded for entry of a judgment not inconsistent with this opinion. Each party to bear own costs.

Mr. Justice EAGEN dissents.

---

[1] The record printed by the parties does not indicate the nature of the debt. However, the original record of the proceedings below discloses the purpose for which the note was given.

[2] The court below probably did not have the benefit of *Charmwood* when it entered its decree. The trial court's decree was filed prior to the decision in *Charmwood*, and the decree of the court en banc, very shortly thereafter.