## Blusiewicz v. Rosenfield

Before Forrest, P. J., Groshens and Ditter, JJ.

*Waters, Fleer, Cooper & Gallagher*, for plaintiffs.
*Foulke, Knight & Porter*, for defendants.

FORREST, P. J., May 19, 1964.—In the instant case we are faced with the question of whether a judgment entered against a husband and wife individually is a valid lien on real estate held by them as tenants by the

entireties. The relevant facts are that there was an exemplification of the record from Illinois rendering a judgment against defendants, Seymour L. Rosenfield and Geraldine Rosenfield, his wife, *individually*. Execution was issued against the real estate of defendants known as premises 507 Oak Terrace Lane, Merion, Montgomery County, Pa., which premises is the home of defendants and held by them as tenants by the entireties. There is no evidence that there was a partnership relationship existing between defendants so far as the ownership of the real estate is concerned.

The case of Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235 (1939), is not in point because of the fact that the judgment was against the wife alone and plaintiff attempted to charge her interest in a taproom business operated by husband and wife as partners. The court found that they were partners and that the judgment arose from a partnership obligation. The question to be decided in that case was whether defendants held the property as partners or as tenants by the entireties. The court determined that it was partnership property and that her interest therein could be charged. The court indicated that had it been a tenancy by entireties, a contrary ruling would be made.

In the case of Perez v. Thoraldson, 84 D. & C. 377, 68 Montg. 329 (1952), Judge Dannehower distinguished the Northampton Brewery case. In that case defendant and his wife owned realty as tenants by entireties, and jointly conducted a business thereon. A nonbusiness creditor of the husband attempted to charge the husband's interest in the business. The court held that he could not do this because defendant's interest was one of tenants by entireties as to a nonbusiness creditor. In the cases of Palkovitz v. Second Federal Savings and Loan Association of Pittsburgh, 412 Pa. 547 (1963), and Charmwood, Inc., Appeal, 200

472

Pa. Superior Ct. 140 (1962), partnership real estate, recorded in the names of all the partners trading under a firm name, was held subject to execution upon a judgment representing a firm debt entered against all the partners individually, without mention of the partnership name. However, neither of these cases are controlling in the instant case inasmuch as they do not deal with real estate held by the tenants by the entireties.

It should be noted in the case at bar that the judgment obtained in Illinois was against defendants *individually*. No mention was made that they were man and wife, although a review of the caption of the Illinois judgment does indicate that defendants were partners in the insurance business. The subject of execution in this county is the personal residence of defendants, owned as tenants by the entireties. It is in no way connected to the insurance business they may have conducted in Illinois and is not owned *individually* by defendants.

The Federal District Court for the Eastern District of Pennsylvania in Getty v. A. Hupfel's Sons, 292 Fed. 178 (1923), affirmed by the Circuit Court of Appeals in 299 Fed. 939 (1924), held that a creditor who obtains a judgment against the husband individually, and on the same day obtains another judgment against the wife individually, cannot execute against property held by the husband and wife as tenants by the entireties.

The only case that appears on all fours with the principle case is one decided by the North Carolina Supreme Court, Southern Distributing Co. v. Carraway, 189 N. C. 420, 127 S. E. 427 (1925). North Carolina, a State which recognizes title of tenants by the entireties, concluded that land held by husband and wife as tenants by the entireties is not subject to levy under execution on a judgment against husband and

wife *"individually."* The principle of this case is set forth in the syllabus:

"Where consent judgment was rendered and entered against defendants husband and wife, 'individually,' land held by husband and wife as tenants by the entirety was not subject to levy under execution on such judgment; 'individually' meaning separately and personally, as distinguished from jointly or officially, and as opposed to collective or associate action or common interest."

That the estate of "tenants by the entireties" has long existed in Pennsylvania is well established. It holds a particular place in Pennsylvania law and the principle behind this estate has been adjudicated many times.

The principle established by these cases as a whole is that there cannot be an execution against property held as tenants by the entireties unless it is upon a judgment wherein defendants have acted jointly as tenants by the entireties and by their action have waived the substantive law of tenants by the entireties. This court is of the opinion that the incidents of tenants by the entireties should not be destroyed, and accordingly, will not disregard them.

And now, May 19, 1964, defendant's motion for judgment on the pleadings is dismissed. Defendant's motion to stay execution is granted and execution on the premises of defendants is stayed.