The **BERGER REALTY GROUP, INC.**

v.

**BRADLY REALTY CORP. and Network Realty, Inc.**

Civ. A. No. 84–4291.

United States District Court, E.D. Pennsylvania.

Aug. 10, 1987.

Andrew B. Cohn, Alan R. Kutner, Philadelphia, Pa., for plaintiffs.

Carol E. Ballentine, Philadelphia, Pa., for Fidelity Bank, N.A., Garnishee.

Arthur R. Salus, Philadelphia, Pa., for Continental Bank, Garnishee.

Jon C. Sirlin, Philadelphia, Pa., for Provident Nat. Bank, Garnishee.

Arthur Lefco Mark C. Rifkin, Philadelphia, Pa., for Bradley Realty Corp. and Network Realty, Inc.

G. Robert Moore, Pittsburgh, Pa., for Equibank, Garnishee.

## MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, District Judge.

AND NOW, this 6th day of August, 1987, upon consideration of defendants' and garnishee's motion to strike off writ of execution and dissolve lis pendens, and plaintiff's response thereto, it is hereby ORDERED that the motion is DENIED. IT IS FURTHER ORDERED that garnishee's motion to dismiss interrogatories in attachment is DENIED. IT IS FURTHER ORDERED that the motions of the parties for reasonable attorney's fees are DENIED.

I note that "[u]nless the property in question is exempt from sale by virtue of some positive rule of [Pennsylvania] law, a court, as a general rule, has power in a

proper case to sell under a judicial sale any property, real or personal, tangible or intangible, which may be sold and transferred by the owners thereof at voluntary sale." *Charmwood, Inc. Appeal,* 200 Pa. Super. 140, 187 A.2d 296, 297–298 (1963) *quoting Brennan v. Pittston Brewing Corporation,* 344 Pa. 495, 497–498, 26 A.2d 334, 335 (1942).

No such exemption has been shown to apply to the subject property. Moreover, partnership assets, including realty, are subject to execution on a judgment entered against all partners individually where said judgment represents a partnership debt. *Palkovitz v. Second Federal Savings & Loan Association of Pittsburgh,* 412 Pa. 547, 195 A.2d 347 (1963) *quoting Charmwood Inc. Appeal, supra.*