J-S14027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORETTA WATSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENEEN R. FRIEND, | |
| Appellant | No. 1794 EDA 2014 |

Appeal from the Order Entered May 7, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1608 MAY TERM, 1985

BEFORE:  DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 30, 2015**

Appellant, Deneen R. Friend, appeals from the order entered on May 7, 2014.  We affirm.

The factual and procedural background of this case is as follows.  On November 28, 1983, Appellant's vehicle collided with a vehicle driven by Loretta Watson ("Watson").  Watson was stopped at a traffic light on 69th Street Boulevard in Philadelphia, Pennsylvania at the time of the collision.

On May 14, 1985, Watson filed a complaint against, *inter alia*, Appellant.  On January 17, 1986, arbiters found in favor of Watson and against Appellant.  On March 3, 1987, Watson filed a praecipe to enter judgment on the arbiters' award.  On March 10, 1987, judgment was entered in favor of Watson and against Appellant in the amount of $7,000.00.  On April 11, 2014, Appellant filed a petition to strike the

judgment.  On May 7, 2014, the trial court denied the motion to strike.  This timely appeal followed.[1]

Appellant presents one issue for our review:

> Did the trial court commit an error of law in denying [Appellant]'s motion to strike the judgment or have the judgment deemed satisfied when, at the time the judgment was entered in 1987, the Appellant] did not own any real property and more than [20] years has elapsed since the entry of the judgment thereby bar[r]ing enforcement of the judgment against personal property pursuant to 42 Pa.C.S.A. § 5529?

Appellant's Brief at 4.

We review a trial court's denial of a motion to strike a judgment for an abuse of discretion.  *Guzman v. Cooper*, 616 A.2d 705, 707 (Pa. Super. 1992) (citation omitted).  Similarly, we review a trial court's denial of a motion to mark a judgment as satisfied for an abuse of discretion.  *Gallagher v. Sheridan*, 665 A.2d 485, 486 (Pa. Super. 1995) (citation omitted).  As this Court stated:

> A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record.  When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered.

*Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793–794 (Pa. Super. 2013) (internal quotation marks and citations omitted).

---

[1] On May 30, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  *See* Pa.R.A.P. 1925(b).  On June 4, 2014, Appellant filed her concise statement. On July 9, 2014, the trial court issued its Rule 1925(a) opinion.  Appellant's lone issue raised on appeal was included in her concise statement.

Appellant concedes that there is no statute of limitations for execution against real property. She argues, however, that because she did not own any real property in Philadelphia County (or elsewhere) at the time judgment was entered in favor of Watson, no judgment lien exists against her after-acquired real property. She further argues that because there is no judgment lien against her after-acquired property, and the statute of repose for execution against her personal property has expired, the judgment is unenforceable and therefore should be stricken.

We first note that Appellant's entire argument as to why the judgment should be stricken is premised upon events, *i.e.*, the passage of time, which occurred decades after entry of the judgment at issue in the case. As noted above, a court may only consider the record as it existed at the time judgment was entered. ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 2015 WL 1612075, *3 (Pa. Super. Apr. 13, 2015); ***Oswald***, 80 A.3d at 794 (citation omitted); ***Keller v. Mey***, 67 A.3d 1, 4 (Pa. Super. 2013) (citation omitted); ***ANS Assocs., Inc. v. Gotham Ins. Co.***, 42 A.3d 1074, 1076 (Pa. Super. 2012) (citation omitted); ***Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 920 (Pa. Super. 2010) (citation omitted); ***City of Phila. Water Revenue Bureau v. Towanda Props., Inc.***, 976 A.2d 1244, 1247 (Pa. Cmwlth. 2009). Appellant does not argue that the judgment was flawed at the time it was entered. To the contrary, she concedes that it was a validly

entered judgment in 1987. As such, the trial court properly denied Appellant's motion to strike.

Furthermore, even if we considered the record as it stands today, we conclude that Appellant's argument that her after-acquired real property could not be the subject of a judgment lien is incorrect. Instead, if Watson took the proper procedural steps, she could obtain a judgment lien against any after-acquired real property, or interest therein, that Appellant came to possess since 1987. Thus, even though 42 Pa.C.S.A. § 5529 prohibits Watson from executing against Appellant's personal property, the judgment is still valid.

Appellant cites two cases for the proposition that "[i]t has long been the law that [j]udgments in Pennsylvania are not liens upon after-acquired lands nor after acquired interests in land." Appellant's Brief at 18 (internal quotation marks and citations omitted). Significantly, the two cases cited by Appellant, **Gen. Casmir Pulaski Bldg. & Loan Ass'n v. Provident Trust Co. of Phila.**, 12 A.2d 336 (Pa. 1940), and **Meily v. Wood**, 71 Pa. 488 (1872), were decided prior to 1947. The law in Pennsylvania regarding judgments and judgment liens changed drastically beginning with the passage of the Judgment Lien Law of 1947. **See** 12 P.S. § 877 *et seq*. (repealed).[2]

---

[2] The Judgment Lien Law was repealed by Judiciary Act Repealer Act. **See** 42 P.S. § 20002(a)(1957).

Our Supreme Court explained this change, stating that the Judgment Lien Law "provide[d], *inter alia*, that in the case of after-acquired property, the execution, when docketed and indexed, [s]hall become a lien upon such real property. At common law, a pre-existing judgment was not a lien on after-acquired real estate." ***Phila. Nat'l Bank v. Taylor***, 218 A.2d 246, 248 (Pa. 1966) (internal alterations and citation omitted). Notably, our Supreme Court cited ***General Casmir*** when discussing the old common law with respect to liens on after-acquired property, contrasting the common law with the law as set forth in the Judgment Lien Law.

After the Judiciary Act Repealer Act repealed the Judgment Lien Law, our Supreme Court adopted Pennsylvania Rule of Civil Procedure 3027. Rule 3027 incorporates the substance of section 4 of the Judgment Lien Law. ***Compare*** Pa.R.C.P. 3027 *with* 12 P.S. § 880 (repealed). Rule 3027 provides, in relevant part, that:

> (a) Upon issuance of the writ of revival or the filing of an agreement to revive, the prothonotary shall enter it in the judgment index against each defendant and terre-tenant named therein.
>
> (b) The writ or agreement, when entered in the judgment index, shall
>
> (1) continue the lien upon real property located in the county which is subject to the lien of the judgment which is sought to be revived,
>
> (2) create a lien upon all other real property located in the county, title to which at the time of entry in the judgment index is recorded in the name of the defendant, [ ]

*Note:* **The lien attaches whether or not the real property was owned by the defendant at the time the original judgment was entered in the judgment index or the lien of the judgment was previously revived and whether or not the lien of the judgment had been lost as to the property.**

Pa.R.C.P. 3027 (emphasis added).

Thus, under Rule 3027, if Watson were to revive the judgment it would become a judgment lien against any real property owned by Appellant in Philadelphia County – despite the fact Appellant did not own any land in Philadelphia County (or elsewhere) at the time judgment was entered in favor of Watson. Therefore, it is still possible for Watson to collect on the judgment in this case and the judgment is still a valuable asset. As such, even if we were to consider the record as it stands today, we would conclude that the trial court properly denied Appellant's petition to strike the judgment.

Appellant also argues that the trial court erred by declining to mark the judgment as satisfied. This issue is waived. "It is axiomatic that 'issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'" ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015), *quoting* Pa.R.A.P. 302(a) (internal quotation marks, alteration, and other citation omitted). In her petition to strike and memorandum of law in support thereof, Appellant only asked that the judgment be struck. She did not seek that the judgment be marked as

satisfied.  Accordingly, Appellant's contention that the judgment should have been marked as satisfied is waived.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2015