Kingdon W. Swayne, Treasurer of the County of Bucks, Commonwealth of Pennsylvania, ex rel. Robert D. Culp, Assignee of Mary Prechtel, Executrix Under the Will of Enola J. Van Horn *v.* Richard Loden. Robert D. Culp, Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Robert D. Culp,* appellant, for himself.

*Brenden E. Brett,* with him *Pratt, Clark, Gathright and Price,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 23, 1976:

On August 3, 1970, Richard Loden (Appellee) purchased a parcel of real property at the 1970 delinquent real estate tax sale conducted on behalf of the Treasurer of Bucks County. Appellee duly executed a statutory surplus bond in the amount of $3,520.18, representing the difference between the bid price ($3,600.00) and the tax liability plus costs and interest ($79.82) as required by the Act of May 29, 1931, P.L. 280, §13, *as amended*, 72 P.S. §5971m (Section 13). The sale was confirmed absolutely on November 18, 1970.

On January 4, 1973, Robert D. Culp (Appellant) acquired by way of assignment the statutory rights held by the estate of the property owners at the date of the tax sale. Appellant sought to enforce his rights as assignee on May 23, 1973, by initiating a suit in assumpsit upon the bond. On August 1, 1973, a default judgment for failure to file an answer was entered against Appellee.

Thereafter, on Appellant's praecipe, a writ of execution issued against the personal property of Appellee.

Appellee then petitioned the Court of Common Pleas of Bucks County to stay the sheriff's sale and to set aside the writ of execution on the ground that only the real property which was the subject of the tax sale was subject to execution on a judgment entered on the surplus bond. By order dated December 16, 1975, the court below granted Appellee's petition. This appeal followed.

Section 13, 72 P.S. §5971m, provides:

After any sale of property or lands for delinquent taxes has been confirmed by the court, as aforesaid, it shall be the duty of the purchaser or purchasers, where the bid exceeds the taxes, interest, and costs, as aforesaid, to make and execute

to the said treasurer, for the use of the persons entitled, a bond for the surplus money that may remain after satisfying and paying all the taxes, interest, and costs, as aforesaid, with warrant of attorney to confess judgment annexed thereto, and it shall be the duty of said treasurer to forthwith file said bond in the office of the prothonotary of the proper county, at the number and terms where said report and return is filed; and the surplus bond filed as aforesaid, from the time of the date of the deed for property thus sold, shall bind, as effectually and in like manner as judgments, the land by said treasurer sold into whose hands or possession it may come; *and the owners of said lands, at the time of sale, their heirs or assigns, or other legal representatives, may, in not less than two years or more than five years after confirmation of such sale, cause judgment to be entered in said court upon said bond,* in the name of said treasurer, for the use of said owners, their heirs, assigns or legal representatives (as the case may be); *and in case the moneys mentioned in said bonds, with legal interest thereon, be not paid within thirty days after judgment thereon, execution may issue against the property therein before sold, and said property be sold upon writ of fieri facias, without condemnation or inquisition or the benefit of any exemption laws.* (Emphasis added.)

Appellant's rights in his action upon the surplus bond are exclusively derived from and limited by the provisions of Section 13, 72 P.S. §5971m. He has complied with it to the extent that judgment was entered between two and five years from the date of the confirmation of the 1970 tax sale. The statute is equally clear, however, as to what property may be executed upon to satisfy such a judgment, and by executing upon property other than that acquired by Appellee at

the 1970 tax sale, Appellant has attempted to exercise a right not conferred upon him by the statute. *Brennan v. Pittston Brewing Corp.*, 344 Pa. 495, 497-98, 26 A.2d 334, 335 (1942).

ORDER

Now, November 23, 1976, the order of the Court of Common Pleas of Bucks County is hereby affirmed.