## Snyder ex rel. Culp v. Ace Developers

Pro se.
*Lewis Floge*, for respondent.

GARB, *J.,* May 20, 1980—We decide herein that the obligee of a surplus bond executed and entered as the result of a treasurer's sale of real estate for unpaid taxes may confess judgment thereon more than five years after confirmation of the sale.

On August 6, 1973, petitioner herein purchased tax parcel 2-56-34 located in Bensalem Township, Bucks County, Pa., at a tax sale for delinquent real estate taxes. At that time, petitioner signed a surplus bond in the amount of $1,018.74 payable to the assessed owner, Otto Grupp, Jr. Otto Grupp did quitclaim all of his right, title and interest in the said bond to Robert D. Culp on or about April 25, 1978. The aforesaid bond was, pursuant to the Act of Assembly, lodged of record in the office of the prothonotary. The confirmation of the aforesaid sale occurred in open court on November 6, 1973.

On January 18, 1980, Culp, hereinafter referred to as respondent, entered judgment by confession upon the aforesaid surplus bond and against the petitioner. Petitioner then filed this petition and secured a rule to show cause why the aforesaid judgment should not be opened or stricken. The disposition of that rule is now properly before us.

The Act of May 29, 1931, P.L. 280, sec. 13, 72 P.S. §5971(m), provides in relevant part as follows:

"After any sale of property or lands for delinquent taxes has been confirmed by the court, as aforesaid, it shall be the duty of the purchaser or purchasers, where the bid exceeds the taxes, interest, and costs, as aforesaid, to make and execute to the said treasurer, for the use of the persons entitled, a bond for the surplus money that may remain after satisfying and paying all the taxes, interest, and costs, as aforesaid, with warrant of attorney to confess judgment annexed thereto . . .; and the surplus bond filed as aforesaid, from the time of the date of the deed for property thus sold, shall bind, as effectually and in like manner as judgments, the land by said treasurer sold into whose hands or possession it may come; and the owners of said lands, at the time of sale, their heirs or assigns, or other legal representatives, may, *in not less than two years or more than five years* after confirmation of such sale, cause judgment to be entered in said court upon said bond. . . ." (Emphasis supplied.) The surplus bond in its confession of judgment clause incorporated the appropriate language from the foregoing Act of Assembly.

Although there is very little authority in our courts construing the meaning of this statute with regard to the time during which judgment may be confessed, we believe that the question has been

clearly decided. We do not believe that Swayne ex rel. Culp v. Loden, 476 Pa. 22, 381 A. 2d 846 (1977), decides this case, but we do believe that it clearly indicates the proper result. That case likewise construed this Act of Assembly but it is clearly distinguishable. First of all, that case had its genesis in an action in assumpsit, not a confession of judgment, the action was instituted within three years after the confirmation of the sale, and the question for disposition had to do with the nature of the property which could be executed upon as a result of the judgment and not the validity of the judgment itself. However, in the course of that opinion our Supreme Court reaffirmed the holding of Thudium v. Deardorf, 3 Pa. 90 (1846), as still the law of this Commonwealth. Thudium v. Deardorf is factually indistinguishable from the case before us except for the fact that it construed the Act of April 3, 1804, P.L. 517, 72 P.S. §6041, which was, however, indistinguishable from the Act of 1931 in all relevant parts. In Thudium v. Deardorf, judgment was taken by confession on a surplus bond more than five years after the confirmation of the treasurer's sale. The debtor therein secured a rule to show cause why the judgment should not be stricken for having been entered after the lapse of the five year period. The lower court discharged the rule and the Supreme Court affirmed, holding that the five year time period as set forth in the Act of Assembly was not in fact a limitation upon the time during which judgment may be confessed. The court held that the only purpose of the five year period was to provide that the bond, while on file in the prothonotary's office, remained a lien upon the property sold at tax sale even though judgment had not been taken. After five years the bond itself ceased to

constitute a lien upon that property unless and until judgment was taken upon it.* Therefore, we decide that it is abundantly clear that the mere fact that judgment was confessed beyond five years after the confirmation of the sale is not fatal to the judgment.

However, Thudium does provide that the beneficiary of the said bond is still subject to any statutes defining limitations of action having to do with suits on debt. Petitioners argue that even if that is the case, judgment was entered beyond the applicable period of limitations. With that we disagree.

It is true that the sale was confirmed on November 6, 1973 and judgment taken on January 18, 1980. Section 5527 of the Judicial Code, 42 Pa.C.S.A. §5527, provides a six year statute of limitations for an action upon contracts, obligations or liabilities founded upon bonds, notes or other instruments in writing or upon actions upon any official bond. However, section 5502 of the Judicial Code provides that the time within which a matter must be commenced shall be computed from the time the cause of action accrued. With regard to the period of limitations for confession of judgment upon this clause of the bond, judgment could not be confessed until two years after confirmation. Therefore, the cause of action to confess judgment accrued not on November 6, 1973, but rather on November 5, 1975. Therefore, judgment was confessed within the applicable period of limitations on January 18, 1980.

---

*To round out the analysis of the act, the two year period during which judgment may not be confessed is obviously derived from the Act of May 6, 1955, P.L. 44, sec. 1, 72 P.S. §5971(o), which sets forth the two year period of redemption.

For the foregoing reasons the rule to show cause why the judgment should not be stricken and/or opened will be discharged.

## ORDER

And now, May 20, 1980, it is hereby ordered, directed and decreed that the rule of March 24, 1980 to show cause why the within judgment should not be stricken and/or opened is discharged.